UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELLIE WILLEFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-0448-B |
| | § | |
| WELLS FARGO BANK, N.A. and | § | |
| FEDERAL HOME LOAN | § | |
| MORTGAGE CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Wells Fargo Bank, N.A. and Federal Home Loan Mortgage

Corporation's (collectively "Defendants") Motion to Dismiss Plaintiff's Original Petition and Brief

in Support ("Motion") (doc.5). For the following reasons Defendants' Motion is **GRANTED**.

## I.

## BACKGROUND[1]

The present case involves events surrounding a home mortgage loan and subsequent

foreclosure. On August 25, 2004, Plaintiff Shellie Willeford ("Plaintiff") financed the purchase of

the real property located at 916 Lakeland Drive, Mesquite, Dallas County, Texas 75149 (the

"Property") by executing a Note secured by a Deed of Trust. Pl.'s Pet. ¶ 1,4; Def.'s App. 2.  The Note

---

[1] The Court draws its factual account from the allegations contained in Plaintiff's Original
Petition and Application for Temporary Restraining Order ("Pl.'s Pet."). *See, e.g., Manguno v. Prudential
Prop. and Cas. Ins. Co.* 276 F.3d 720, 725 (5th Cir.2002) (noting that when considering a Motion
pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true").

named SFMC, L.P. d/b/a Service First Mortgage Company as lender and the Deed of Trust listed Mortgage Electronic Record Systems, Inc. ("MERS") as beneficiary. Pl.'s Pet. ¶ 4. An assistant secretary of MERS assigned the Deed of Trust to Wells Fargo Bank on March 9, 2010 with a recorded date of March 15, 2010 and an effective date of February 3, 2010. Pl.'s Pet. ¶ 4; Def.'s App. 24. As an initial step in its foreclosure action, Wells Fargo Bank appointed a substitute trustee on March 2, 2010.[2] *Id.* On September 7, 2010, the Federal Home Loan Mortgage Corporation purchased the Property at foreclosure. *Id.*

On February 10, 2012 Plaintiff filed the instant action in the state district court for Dallas County. Although not entirely clear, reading Plaintiff's Original Petition in the light most favorable to her, she appears to be alleging that Defendants' actions constituted a breach of contract, fraudulent lien, and an inappropriate appointment of a substitute trustee. Further, Plaintiff contends that the Defendants violated the Texas Debt Collection Practices Act ("DCPA"), by threatening to take an action prohibited by law, by misrepresenting the status of a debt in a judicial proceeding and by removing items from the Property prior to a writ of possession.

On February 10, 2012, Defendant Federal Home Loan Mortgage Corporation removed the action to this Court. Defendant Wells Fargo Bank consented to its removal. On March 9, 2012, Defendants filed the instant Motion to Dismiss. In their Motion, Defendants argue Plaintiff's claims should be dismissed because they are without merit, conclusory, and fail as a matter of law under

---

[2] Although neither Plaintiff nor Defendant provides sufficient facts as to the status of Plaintiff's unpaid debt at the time of foreclosure and how it represented a default, a debtor "must first tender the full sum of the admitted debt in order to stop a foreclosure sale." *Ginther-Davis Center, Ltd. v. Houston Nat. Bank*, 600 S.W.2d 856, 864 (Tex. Civ. App. – Houston [1st Dist.] 1980). From the facts presented, the Court infers that the debt was not fully paid and the Plaintiff defaulted.

Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mot. Dismiss Pl.'s Pet. Br. Supp. ("Def.'s Br.") That Motion is now ripe for consideration.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). In considering a Rule 12(b)(6) motion "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged-but it is has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. P. 8(a)(2)).

When considering a Rule 12(b)(6) motion, the Court is generally confined to the complaint

and any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 200).

Documents attached to a defendant's motion to dismiss, however, "are considered part of the

pleadings if they are central to [plaintiff's] claim" and are referenced in the complaint. *Collins,* 224

F.3d at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.

1993); *Sheppard v. Tex. Dep't of Transp.*, 158 F.R.D. 592, 595-96 (E.D. Tex. 1994).

## III.

## ANALYSIS

*A. Breach of Contract*

 Under Texas law, the elements of a breach of contract action are "(1) the existence of a valid

contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the

defendant; and (4) damages sustained by the plaintiff as a result of the breach."*Am. Gen. Life Ins. Co.*

*v. Kirsch*, 378 F. App'x 379, 383 (5th Cir. 2010) (citing *Smith Int'l, Inc.* v. *Egle Group, LLC*, 490 F.3d

380, 387 (5th Cir. 2007)). Plaintiff maintains that Defendants breached the contract when they

foreclosed without authority and unlawfully split the Note and Deed of Trust. Defendants counter

that these theories do not support a valid breach of contract claim. Each of the Plaintiff's theories

will be addressed in turn.

 *1. The Lack of Authority to Foreclose*

 Plaintiff alleges that the assignment of the Deed of Trust, and all acts resulting from it, are

void because the assistant secretary who signed on behalf of MERS lacked the authority to do so. Pl.'s

Pet. ¶ 4.  As a threshold matter, Plaintiff lacks standing to challenge MERS's assignment of the Deed

of Trust to Wells Fargo Bank because she was not a party to the assignment. *See Eskridge v. Fed.*

*Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D.Tex. Feb. 24, 2011).

It has been consistently held that "borrowers do not have standing to challenge the assignment of their mortgages because they are not parties to those assignments." *Garrett v. HSBC Bank USA, N.A.*, No. 3:12-CV-0012-D, 2012 WL 1658796, at *2 (N.D. Tex. May 11, 2012).

Assuming *arguendo* that Plaintiff has standing, her argument is otherwise unconvincing. MERS is defined in the Texas Property Code §51.001(1) as a "book entry system," which means a "national book [entry] system for registering a beneficial interest in a security instrument . . . ." It is merely "an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans." *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F. Supp.2d 1368, 1370 (U.S.Jud.Pan.Mult.Lit.2009). "Under Texas law, where a deed of trust . . . expressly provides for MERS to have the power of sale, then MERS has the power of sale." *Richardson v. CitiMortgage, Inc.*, No. 6:10-CV-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010). Where "MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage." *Eskridge*, 2011 WL 2163989, at * 5.

In any event, the foreclosure was effective; MERS had the power to assign the Deed of Trust, and Plaintiff provides no factual allegations to support her conclusion that the assistant secretary of MERS was acting without authority on behalf of MERS. The Deed of Trust itself grants MERS "the right to foreclose and sell the property." Def.'s App. 8. Here, the Deed of Trust expressly designates MERS as beneficiary and sole nominee for the lender and its successors and assigns. Def.'s App. 8. Accordingly, MERS fits the definition of a mortgagee under the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.0001(4) (West 2007) (defining a mortgagee as "the grantee, beneficiary,

owner, or holder of a security instrument; a book entry system; or if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."). As a mortgagee, then, MERS has the authority to transfer the right to foreclose without producing the original Note or Deed of Trust. *See Sawyer v. Mortg. Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010). Thus, MERS had the authority to foreclose on the Deed of Trust and assign those rights to Wells Fargo Bank, who then sold the Property to the Federal Home Loan Mortgage Corporation at the foreclosure sale. Accordingly, Plaintiff has failed, as a matter of law, to state a claim as to her "lack of authority to foreclose" theory of her breach of contract claim.

### 2. *Splitting the Note and Deed of Trust*

According to Plaintiff, when MERS assigned the Note and Deed of Trust to Wells Fargo Bank, the Note and Deed of Trust were split because "the Note holder did not also hold the deed of trust lien," thereby making the loan ineffectual and preventing Wells Fargo Bank from foreclosing on the Property. Pl.'s Pet. ¶ 7.  As previously stated, Plaintiff lacks standing to contest the assignment because she was not party to the assignment. *Valdez v. Fed. Home Loan Mort. Corp.*, No. 3:11-CV-1363, 2011 WL 7068386, at *2 (N.D. Tex. Nov. 28, 2011); *Eskridge*, 2011 WL 2163989, at *5.

Nonetheless, under Texas law, a Deed of Trust is a mortgage with a power to sell on default. *DeFranceschi v. Wells Fargo Bank N.A.*, No. 4-10-CV-455-Y, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011). The mortgage created by a Deed of Trust "is an interest created by a written instrument providing security for payment." *Id*. That debt is established by a Note. *Id*. Because the Deed of Trust has no legal effect apart from the debt, a transfer of the Deed of Trust automatically transfers the debt. *Id*. (citing *Teas v. Republic Nat'l Bank*, 460 S.W.2d 233, 243 (Tex. Civ. App. -

1970, writ ref'd n.r.e.)). "When a note is transferred from one mortgage to another, the interest in the subject deed of trust goes along with it." *Valdez*, 2011 WL 7068386, at *2; *See Malikyar v. BAC Home Loans Servicing, LP*, No. 4:11-CV-417, 2011 WL 5837262, at *5 (E.D. Tex. Oct. 28, 2011) ("A transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.").

In this case, MERS was the beneficiary under the Deed of Trust as agent for Service First Mortgage Company, and its successors and assigns, which includes Wells Fargo Bank. Def. Br. 24. Under the Deed of Trust, Wells Fargo Bank was authorized to enforce the matter at hand. "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to [Wells Fargo Bank] upon MERS's assignment." *Id*. Accordingly, Plaintiff's "split-note" allegation fails because MERS - and thus Wells Fargo Bank - had "the right to foreclose." *See Valdez*, 2011 WL 7068386, at *2 (where the deed of trust "provided that MERS held the deed of trust for the benefit of the original noteholder and its successor and assigns," it was lawful for MERS to foreclose); *Defranceschi*, WL 3875338, at *4-*5 ("In short, there is no merit to Plaintiff's argument that the deed of trust and note were "split," rendering any attempted foreclosure defective.").

Plaintiff has thus failed to allege sufficient factual support for the "split-note" theory of her breach of contract claim. Because Plaintiff has failed to plausibly support either of her breach of contract theories, the Defendants' Motion to Dismiss is **GRANTED** in this regard. Further, because the legal theories underlying Plaintiff's breach of contract claim ("lack of authority" and "split-note") are foreclosed as a matter of law as addressed above, Plaintiff's breach of contract claim is **DISMISSED with prejudice**.

B. *Texas Debt Collection Practices Act*

Plaintiff Willeford makes two primary allegations under her Texas Debt Collection Practices Act ("DCPA") claim. First, she couches a failure to provide notice under the Texas Property Code as a violation of the DCPA. That is, Plaintiff argues Defendants' failure to provide legally required notices, constituted "threatening to take an action prohibited by law" in violation of the DCPA, Texas Finance Code § 392.301(a)(8). Pl.'s Pet. ¶ 6. Second, Plaintiff alleges the Defendants further violated subsection 392.301(a)(8) of the DCPA by "misrepresent[ing] the status of a debt, namely the [l]oan, in a judicial proceeding," and unlawfully "set[ting] out the belonging[s] of Plaintiff from the Property." *Id.* The Court will address each of Plaintiff's DCPA allegations in turn.

1. *Notice Requirements*

The DCPA prohibits debt collectors from taking a variety of actions, including "threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). Texas law requires two primary notices in the foreclosure context: a notice of default, and a notice of sale. *See Sonia Vou Books, LLC v. BAC Home Loans Servicing, L.P.*, No. H-11-1809, 2011 WL 3438435, *4 (S.D. Tex. Aug. 5, 2011) ("Under Texas law, in order for a trustee to sell real property at a deed of trust sale, the trustee must comply with the notice requirements set forth in the deed of trust and the Texas Property Code." ). Prior to the notice of sale, a mortgage servicer must provide a notice of default in compliance with Tex. Prop. Code. Ann. §51.002(d), which specifies that:

> (d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). The entire calendar day on which the notice required by this subsection is given, regardless of the time of day at which the notice is given, is included in computing the 20-day notice period

required by this subsection, and the entire calendar day on which notice of sale is given under Subsection (b) is excluded in computing the 20-day notice period.

Tex. Prop. Code. Ann. §51.002(d). According to Texas Property Code section 51.002(b), notice of sale must be provided at least 21 days before the sale by all of the following methods:

(1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
(2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

Tex. Prop. Code. Ann. §51.002(b)(1)-(3).

Plaintiff alleges that, the Defendants violated the DCPA by violating the Texas Property Code §§51.002(d), when "Defendants failed to give notice [of default] before giving notice of acceleration and substitute trustee's sale, in the form and manner, and with the legal capacity at the time of giving such notices." Pl.'s Pet. ¶ 6. Plaintiffs fail to allege any specific facts or statements on the part of the Defendants that would qualify as "threatening to take an action prohibited by law" in connection with the foregoing notice requirements.

Plaintiff also contends that Defendants violated the DCPA by violating Texas Property Code §§51.002(b). Specifically, Plaintiff asserts that Defendants did not have the "capacity to give such notice(s) [of sale] at the time each such notice was given." *Id.* Again, Plaintiff fails to supply any factual allegations that would qualify as allegations of Defendants violating the DCPA by "threatening to take an action prohibited by law" when they allegedly failed to give notice required under the foregoing provision of the Texas Property Code.

Even if the two provisions of the Texas Property Code could be relied upon to support

-9-

Plaintiff's DCPA claim, Defendants argue that Plaintiff's claim still fails because only constructive notice was required. Def.'s Br. 13. Under Texas law, "service of a notice . . . by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."Tex. Prop. Code. Ann. §51.002(e). The Court agrees that only constructive notice is required.

Because Plaintiff has failed to provide plausible factual support for her "notice" theory of her DCPA claim, Plaintiff's DCPA claim based on this theory is **DISMISSED without prejudice**. If Plaintiff is able to replead with greater specificity as to what actions on the part of Defendants constituted actions "threatening to take an action prohibited by law," while keeping in mind constructive notice is all that is required under the Texas Property Code, she may do so.

   *2. Misrepresentation*

Plaintiff also alleges Federal Home Loan Mortgage Corporation violated the DCPA by misrepresenting the loan in a judicial proceeding in Cause No. JE11-00740-D and Cause No. CC-11-03367-B. Specifically, Plaintiff alleges Federal Home Loan Mortgage Corporation violated the statute by "representing itself to be a bona fide party in interest as plaintiff" and securing control of the Property in a judgment. Pl.'s Pet. ¶ 6. Although Plaintiff alleges that Defendants violated subsection 392.301(a)(8) of the DCPA, her allegations sound instead like a violation of subsection 392.304(a)(8) of the DCPA. That section, prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code §392.304(a)(8). Plaintiff fails to provide, however, any plausible, specific factual allegations describing what misrepresentations were actually made by Defendants, nor does she identify any conversations that qualify as misrepresentations. Plaintiff's

conclusory allegations therefore fail.

Plaintiff also claims that in violation of subsection 392.301(a)(8) of the DCPA, the Federal Home Loan Mortgage Corporation directed the Dallas County Constable to "set out the belongings of Plaintiff from the Property" before "there was a final judgment to support a writ of possession." Pl.'s Pet. ¶ 6. Plaintiff's allegation rests upon her argument that the assignment was improper and the authority to foreclose was not available. Implied in Plaintiff's argument is that every step leading to the foreclosure was also unlawful. Plaintiff's allegation in this regard is meritless. Moreover, a debt collector may "exercis[e] or threate[n] to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code §392.301(b)(3). Accordingly, Defendants Motion is **GRANTED** and Plaintiff's DCPA claim as it relates to any misrepresentation by Defendants is **DISMISSED without prejudice**. If Plaintiff can replead her claim with the requisite factual specificity, she may do so.

C. *Fraudulent Lien Instrument*

Plaintiff alleges the assignment of the Deed of Trust by MERS to Wells Fargo gives rise to a fraudulent lien claim because "there was an attempted transfer of a lien without authority [that] was intended to be given the same effect as a lawfully executed instrument [and] was done for the purpose of harming Plaintiff."  Pl.'s Pet. ¶ 5.

According to the Texas Civil Practice and Remedies Code §12.002(a):

A person may not make, present, or use a document of other record with:
(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:
(A) physical injury;
(B) financial injury; or
(C) mental anguish or emotional distress.

Texas Civil Practice and Remedies Code §12.002(a). In a Rule 12(b)(6) motion, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544 at 545. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. 662 at 664.

Here, Plaintiff simply restates the elements of her breach of contract claim without providing any factual allegations to support her contention that the assignment was a fraudulent lien instrument. As the Court previously discussed, Plaintiff's "lack of authority" theory is without merit as a matter of law. As a result, Defendants Motion on Plaintiff's fraudulent lien claim is **GRANTED** and this claim **DISMISSED without prejudice.**

*D. Appointment of a Substitute Trustee*

Plaintiff contends that the appointment of a substitute trustee, executed by Wells Fargo Bank, was improper. Pl.'s Pet. ¶ 4.C. Specifically, Plaintiff alleges the appointment, dated March 2, 2010, of record March 24, 2010, was executed six days before the appointment could be made. *Id.* Defendants maintain that "Plaintiff's argument lacks factual support because the [a]ssignment clearly indicates that it is effective as of February 3, 2010." Def. App. 24. In Texas, "a mortgagee may appoint or may authorize a mortgage servicer to appoint a substitute trustee . . . to succeed all title, powers, and duties of the original trustee." Tex. Prop. Code. Ann. §51.0075(c). A substitute trustee is "a person appointed by the current mortgagee or mortgage servicer under the terms of the security

instrument to exercise the power of sale." *Id.* at §51.0001(7).

Defendants provided the Assignment of Note and Deed of Trust that shows February 3, 2010 to be the effective date of the assignment. Def.'s App. 24.  As mentioned in a previous section, the Fifth Circuit has consistently held that "a district court can consider . . . documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims." *Collins,* 224 F.3d at, 499. Plaintiff has failed to allege facts or produce documentation to the contrary. It is clear to the Court that Plaintiff's theory the appointment of the substitute trustee was improper is implausible. Accordingly, Defendant's Motion on Plaintiff's contention is **GRANTED with prejudice**.

## IV.

## CONCLUSION

For the aforementioned reasons, Defendants Motion is **GRANTED**. Plaintiff's claims for violation of the DCPA, are **DISMISSED without prejudice**. Plaintiff may file an amended complaint to more specifically state her allegations, if possible, on or before **August 13, 2012**. *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567–68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). Plaintiff's claims for breach of contract, the creation of a fraudulent lien claim, and an inappropriate appointment of a substitute trustee are **DISMISSED with prejudice**.

SO ORDERED.

Signed July 12, 2012

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE